# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| EN GARDE, LLC | § | |
| | § | |
| V. | § | NO. _____ |
| | § | |
| FRUIT OF THE LOOM, INC. | § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES En Garde, LLC, Plaintiff, in support of its complaint for declaratory judgment against Fruit of the Loom, Inc., Defendant, and as grounds in support would show as follows:

## THE PARTIES

1. Plaintiff, En Garde, LLC, is a Texas limited liability company with its principal place of business at 1207 Teal Court North, Pearland, TX. 77584.

2. Defendant, Fruit of the Loom, Inc., is a New York corporation with its principal place of business at one Fruit of the Loom Drive, Bowling Green, KY 42103.

## JURISDICTION AND VENUE

3. This action arises and is brought under the Declaratory Judgment Act, 28 U.S.C. §2201-2202, and the Lanham Trademark Act of 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. §1051, et seq.

4. This court has subject matter jurisdiction pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338, and 2201-2202.

5. This court possesses personal jurisdiction over Defendant because it regularly and continuously transacts business in the state of Texas.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because it is where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated.

## FACTS

7. On July 8, 2015, En Garde filed an intent-to-use Application Serial Number 86/687,285 with the United States Patent and Trademark Office, seeking registration of the trademark Fruit of the Tomb for use with "clothing, namely, T-shirts, pants, hats, socks, swimsuits and shorts" in International Class 25.

8. Defendant filed its Notice of Opposition No. 91225009 with the United States Patent and Trademark Office, Trademark Trial and Appeal Board, on November 25, 2015 asserting priority, likelihood of confusion, and dilution under the Lanham Act, which remains pending but has been suspended at the urging of Defendant. Defendant states that the grounds for the opposition are that "the goods identified in the Application are identical or closely related to Opposer's goods sold under the Fruit Marks, and are likely to be sold to the same class of purchasers as Opposer's goods sold under its Fruit Mark."

9. Defendant further states in its Opposition that "Applicant's Mark so resembles the marks previously used by Opposer in commerce as to be likely, when used in connection with Applicant's goods, to cause confusion, deception or mistake as to the affiliation, connection or association of Applicant with Opposer, and/or the origin, sponsorship, or approval of Applicant's goods or commercial activities by Opposer under 15 U.S.C. §1052(d)."

10. Finally, Defendant alleged in its Opposition that "registration of the highly similar Applicant's mark will lessen the capacity of Opposer's famous and distinctive Fruit Marks to

distinguish and identify Opposer's goods and services from those of others, thereby diluting the distinctive quality of Opposer's Fruit Marks."

11. On June 27, 2017, the Defendant filed its verified complaint for damages and injunctive relief against En Garde in the United States District Court for the Western District of Kentucky at Bowling Green, civil action no. 1:17-cv-112-GNS. In its suit the Defendant alleged that the Fruit of the Tomb Mark is confusingly similar in sight, sound, and overall commercial impression to Defendant's marks, and further alleged that the Plaintiff's Mark is likely to cause confusion, mistake, and to cause the deception of consumers as to the source, origin, affiliation, connection or association of Plaintiff's goods. Fruit of the Loom asserted claims for trademark infringement, trademark dilution and federal unfair competition.

12. On August 25, 2017, the Hon. United States District Judge Greg N. Stivers dismissed Defendant's lawsuit for lack of jurisdiction.

13. Defendant, Fruit of the Loom Inc., owns several federal registrations for its Fruit of the Loom Marks. The apparel sold by the Defendant under its Marks looks nothing like the apparel designed and sold by the Plaintiff under its opposed Fruit of the Tomb Mark. The apparel sold by Plaintiff under the opposed Mark is unique and distinctive Gothic and neo-Gothic clothing and accessories that could never be confused with the apparel sold by the Defendant.

14. On information and belief, the actual and potential customer base of Fruit of the Loom, Inc. is vastly different from the customer base of En Garde, LLC. Likewise, the marketing channels used by Defendant to market its products are vastly different from channels used by En Garde to market its products.

15. Defendant does not own the words "Fruit of the...." in all contexts for all purposes. Fruit is a common word that has been in use for centuries in a wide array of commercial and other applications wholly independent of the Defendant. In addition, the words "fruit of the ...." are used numerous times in the Bible.[1] Yet by the actions alleged herein, Defendant seems to think it owns the words "fruit of the..." for all purposes and applications.

16. The actions taken by the Defendant, opposing Plaintiff's registration of its Mark and then filing a verified complaint in Kentucky seeking injunctive relief, have created a concrete dispute between the parties regarding their respective rights, and particularly the rights that Plaintiff has in the opposed Mark, that warrants resolution by declaratory judgment.

17. This dispute, if left unresolved, will adversely affect the Plaintiff's business going forward, and will impede its ability to sell its products and to succeed as a small business.

18. Here, declaratory relief will serve the useful purpose of clarifying and settling the legal rights between the parties with respect to the Fruit of the Tomb Mark.

19. Under the circumstances, a controversy of sufficient immediacy and reality exists with respect to En Garde's use of its Fruit of the Tomb Mark to warrant the issuance of a declaratory judgment.

20. Therefore, there exists an actual and justiciable controversy between En Garde, LLC and Fruit of the Loom, Inc. regarding whether En Garde is infringing the alleged trademark rights owned by Fruit of the Loom, Inc., is diluting the Fruit of the Loom trademark, or is engaged in unfair competition.

---

[1] "Fruit of the Light" – Ephesians 5:9; "Fruit of the Spirit" – Galatians 5:22-23; "Fruit of the Womb" – Genesis 30:2, Deuteronomy 28:11, Psalms 127:3, Isaiah 13:18; "Fruit of the Vine" – Song of Songs 7:7, Song of Songs 7:8, Matthew 26:29, Mark 14:25.

4

21. Over the past two years, En Garde has made a substantial monetary investment and has expended considerable time in designing and marketing its unique apparel and selling its goods at local Houston-area vending events. En Garde's right to use its opposed mark is now clouded as a result of Fruit of the Loom's action and assertions that it is being irreparably harmed by En Garde, LLC. Fruit of the Loom's allegations will continue to impede and interfere with En Garde's legitimate business interests and objectives, thereby constituting actual harm and injury to En Garde.

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement)

22. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21.

23. En Garde's use of its Fruit of the Tomb Mark does not infringe any existing and valid trademark right of Fruit of the Loom, Inc. under the Lanham Act.

### SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Dilution)

24. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 23.

25. En Garde's use of its Fruit of the Tomb Mark does not dilute any existing and valid trademark right of Fruit of the Loom under the Lanham Act.

### THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of No Unfair Competition)

26. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25.

27. En Garde's use of its Fruit of the Tomb Mark does not constitute unfair competition under the Lanham Act.

## RELIEF REQUESTED

FOR THESE REASONS, Plaintiff En Garde, LLC prays for a judgment in its favor and against Fruit of the Loom, Inc. as follows:

A. That the court declare that En Garde's use of its Fruit of the Tomb Mark does not infringe any existing and valid trademark right of Fruit of the Loom, Inc. under the Lanham Act.

B. That the court declare that En Garde's use of its opposed Fruit of the Tomb Mark does not dilute any valid and existing trademark right of Fruit of the Loom Inc. or otherwise violate any of Defendant's rights.

C. That the court declare that En Garde's use of its Fruit of the Tomb Mark does not cause any unfair competition in connection with any valid and existing trademark right of Fruit of the Loom, Inc., or otherwise violate any of Defendant's rights.

D. That the court order that Fruit of the Loom, Inc., its directors, officers, employees, servants, attorneys, agents, representatives, distributors, licensees, and all persons in active concert or participation with them, be enjoined and restrained permanently from interfering with En Garde's use and registration of the Mark Fruit of the Tomb, including in its domain name, and from opposing, seeking to cancel, or otherwise objecting to any federal registration applications to the Fruit of the Tomb trademark or any of Plaintiff's domain names that may include the words Fruit of the Tomb.

E. That En Garde, LLC be awarded its reasonable attorney's fees and costs.

F. For such other and further relief as the court deems appropriate.

Dated: September 1, 2017

Respectfully Submitted by:

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP.

*/s/John A. Sullivan, III*
John A. Sullivan III
State Bar No. 19483500
Fed. I.D. No. 1398
jsullivan@fso-lawprac.com
9894 Bissonnet, Suite 865
Houston, Texas 77036
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

**ATTORNEY FOR PLAINTIFF,
EN GARDE, LLC**